IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MAIN HASTINGS LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | Civil Action No. |
| v. | § | |
| | § | Jury Trial Demanded |
| HSBC USA, INC., HSBC BANK USA, | § | |
| N.A, CITY NATIONAL | § | |
| CORPORATION, CITY NATIONAL | § | |
| BANK, SUNTRUST BANKS, INC., | § | |
| SUNTRUST BANK, THE PNC | § | |
| FINANCIAL SERVICES GROUP, INC., | § | |
| PNC BANK, N.A., PNC CAPITAL | § | |
| ADVISORS, LLC, UNIONBANCAL | § | |
| CORPORATION, UNION BANK, N.A., | § | |
| ZIONS BANCORPORATION, AND | § | |
| ZIONS FIRST NATIONAL BANK | § | |
| | § | |
| *Defendants.* | § | |

## COMPLAINT FOR FALSE PATENT MARKING

Plaintiff Main Hastings LLC, ("Main Hastings"), by its attorneys, hereby complains against Defendants HSBC USA, Inc. and HSBC Bank USA, N.A. (collectively "HSBC"), City National Corporation and City National Bank (collectively "City National"), SunTrust Banks, Inc. and SunTrust Bank (collectively, "SunTrust"), The PNC Financial Services Group, Inc. and PNC Bank, N.A. (collectively, "PNC Financial"), PNC Capital Advisors, LLC ("PNC Capital Advisors"), UnionBanCal Corporation and Union Bank, N.A. (collectively "Union Bank"), and Zions Bancorporation and Zions First National Bank (collectively "Zions") and alleges as follows:

## NATURE OF THE CASE

1.     This is a *qui tam* action on behalf of the public for false patent marking under

35 U.S.C. §292.

2.     As set forth below, Defendants have violated 35 U.S.C. §292(a), by marking certain of their products with the purpose of deceiving the public.   More specifically, Defendants have, with the purpose of deceiving the public, marked products with patents that have expired and, therefore, do not and cannot cover the marked products.

3.     The false marking statute exists to give the public notice of patent rights. Congress intended the public to rely on marking as a ready means of discerning the status of intellectual property embodied in an article of manufacture or design.   Federal patent policy recognizes an important public interest in permitting full and free competition in the use of ideas that are, in reality, a part of the public domain.

4.     False patent marking – including representing through advertisement that a product is covered by a patent that has expired - is a serious problem. Acts of false marking deter innovation and stifle competition in the marketplace. If an article that is within the public domain is falsely marked, potential competitors may be dissuaded from entering the same market. False marks may also deter scientific research when an inventor sees a mark and decides to forego continued research to avoid possible infringement. False marking can cause unnecessary investment in design around or costs incurred to analyze the validity or enforceability of a patent whose number has been marked upon a product with which a competitor would like to compete. Furthermore, false marking misleads the public into believing that a patentee controls the article in question (as well as like articles), externalizes the risk of error in the determination, placing it on the public rather than the manufacturer or seller of the article, and increases the cost to the public of ascertaining whether a patentee in fact controls the intellectual property embodied in an article. In each instance where it is represented that an article is patented, a member of the public

desiring to participate in the market for the marked article must incur the cost of determining whether the involved patents are valid and enforceable. Failure to take on the costs of a reasonably competent search for information necessary to interpret each patent, investigation into prior art and other information bearing on the quality of the patents, and analysis thereof can result in a finding of willful infringement, which may treble the damages an infringer would otherwise have to pay. False markings may also create a misleading impression that the falsely marked product is technologically superior to previously available ones, as articles bearing the term "patent" may be presumed to be novel, useful, and innovative.

5.      The false marking statute explicitly permits *qui tam* actions. By permitting members of the public to sue on behalf of the government, Congress allowed individuals to help control false marking.

6.      Main Hastings, on its own behalf and on behalf of the United States, seeks an award of monetary damages of not more than $500 for each of Defendants' violations of 35 U.S.C. § 292(a), one-half of which shall be paid to the United States pursuant to 35 U.S.C. § 292(b).

## THE PARTIES

7.      Main Hastings is a Texas limited liability company.

8.      On information and belief, Defendant HSBC USA, Inc. is a corporation established under the laws of the State of Delaware with its principal place of business at 452 5th Avenue, New York, NY 10018.  Defendant HSBC USA, Inc. can be served through its registered agent at The Prentice-Hall Corporation System, Inc., 2711 Centerville Road, Suite 400, Wilmington, DE 19808.  On information and belief, Defendant HSBC Bank USA, N.A. is the principal subsidiary of Defendant HSBC USA, Inc.

9.      On information and belief, Defendant City National Corporation is a

corporation established under the laws of the State of Delaware with its principal place of business at City National Plaza, 555 South Flower Street, Los Angeles, CA 90071. Defendant City National Corporation can be served through its registered agent at The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801. On information and belief, City National Corporation is the holding company for Defendant City National Bank.

10.    On information and belief, Defendant SunTrust Banks, Inc. is a corporation established under the laws of the State of Delaware with its principal place of business at 303 Peachtree Street NE, Atlanta, GA 30308. Defendant SunTrust Banks, Inc. can be served through its registered agent at The Prentice-Hall Corporation System, Inc., 2711 Centerville Road, Suite 400, Wilmington, DE 19808. On information and belief, Defendant SunTrust Banks, Inc. is the holding company for Defendant SunTrust Bank.

11.    On information and belief, Defendant PNC Financial Services Group, Inc. is a corporation established under the laws of the State of Pennsylvania with its principal place of business at 1 PNC Plaza, 249 5th Avenue, Pittsburgh, PA 15222. Defendant PNC Financial Services Group, Inc. can be served through its registered agent at Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808. On information and belief, Defendant PNC Financial Services Group, Inc. is the holding company for Defendant PNC Bank, N.A.

12.    On information and belief, Defendant PNC Capital Advisors is a corporation established under the laws of the State of Delaware with its principal place of business at 1 PNC Plaza, 249 5th Avenue, Pittsburgh, PA 15222. Defendant PNC Capital Advisors can be served through its registered agent at Corporation Service Company, 2711 Centerville Road,

Suite 400, Wilmington, DE 19808.

13.     On information and belief, Defendant UnionBanCal Corporation is a corporation established under the laws of the State of Delaware with its principal place of business at 400 California Street, San Francisco, CA 94104.   Defendant UnionBanCal Corporation can be served through its registered agent at The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.  On information and belief, Defendant UnionBanCal Corporation is the holding company for Defendant Union Bank, N.A.

14.     On information and belief, Defendant Zions Bancorporation is a corporation established under the laws of the State of Utah with its principal place of business at One South Main Street, Salt Lake City, UT 84133.  Defendant Zions Bancorporation can be served through its registered agent at Corporation Service Company, 2180 South 1300 East, Suite 660, Salt Lake City, UT 84106.   On information and belief, Defendant Zions Bancorporation is the holding company for Defendant Zions First National Bank.

15.     Defendants regularly conduct and transact business in Texas, throughout the United States, and within the Eastern District of Texas, themselves and/or through one or more subsidiaries, affiliates, business divisions, or business units.

## JURISDICTION AND VENUE

16.     This Court has exclusive jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

17.     This Court has personal jurisdiction over the Defendants. The Defendants have conducted and do conduct business within the State of Texas.  Defendants, directly or through subsidiaries or intermediaries, offer for sale, sell, mark and/or advertise the products that are the subject of this Complaint in the United States, the State of Texas, and the Eastern District of

Texas.

18.     Defendants have voluntarily sold the products that are the subject of this Complaint in this District, either directly to customers in this District or through intermediaries with the expectation that the products will be sold and distributed to customers in this District. These products have been and continue to be purchased and used by consumers in the Eastern District of Texas.  Defendants have committed acts of false marking within the State of Texas and, more particularly, within the Eastern District of Texas.

19.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1395(a), because (i) Defendants' products that are the subject matter of this cause of action are advertised, marked, offered for sale, and/or sold in various retail stores and/or on the Internet in this District; (ii) a substantial part of the events or omissions giving rise to the claim occurred in this District; and (iii) Defendants are subject to personal jurisdiction in this District, as described above.

20.     Main Hastings brings this action under 35 U.S.C. §292(b), which provides that any person may sue for civil monetary penalties for false patent marking.

**DEFENDANTS' FALSELY MARKED PRODUCTS AND PATENTS**

**A. HSBC BANKING AND E-COMMERCE WEBSITE**

21.     Defendant HSBC operates and controls the HSBC banking and e-commerce website (www.us.hsbc.com).  In this Complaint, Defendant HSBC's "products" means and includes, collectively, the HSBC banking and e-commerce website and all parts thereof, any and all information or services offered or rendered through the HSBC banking and e-commerce website, any and all products offered for sale or advertised through the HSBC banking and e-commerce website and/or any and all other uses and features of the HSBC banking and e-commerce website.

22.     Figure 1 depicted below shows an image of the Defendant HSBC's banking and

e-commerce website:



23.     For a period of time, the Defendant HSBC's banking and e-commerce website has listed, among others, U.S. Patent No. 5,265,007 ("the '007 Patent").

24.     Figure 2 below shows a copy of the Defendant HSBC's banking and e-commerce website listing the '007 Patent.  Further, attached as Exhibit A is a true and correct copy of the '007 Patent.

> HSBC is licensed by DTC under U.S. Patent Nos. 5,910,988, 6,032,137, 5,265,007, 5,717,868, 5,583,759, 5,930,778, 5,774,663, 5,787,403, 5,899,982, 6,594,647, 6,341,272, 5,974,146, and 6,182,052.

Figure 2 – Picture Displaying the '007 Patent.

25.     The '007 Patent, entitled "Central Check Clearing System," was filed on August 7, 1989, and issued on November 23, 1993.  The '007 Patent expired November 23, 2010.

**B. CITY NATIONAL BANKING AND E-COMMERCE WEBSITE**

26.     Defendant City National operates and controls the City National banking and e-commerce website (www.cnb.com).  In this Complaint, Defendant City National's "products" means and includes, collectively, the City National banking and e-commerce website and all parts thereof, any and all information or services offered or rendered through the City National banking and e-commerce website, any and all products offered for sale or advertised through the City National banking and e-commerce website and/or any and all other uses and features of the City National banking and e-commerce website.

27.     Figure 3 depicted below shows an image of the Defendant City National's banking and e-commerce website:



28.     For a period of time, the Defendant City National's banking and e-commerce website has listed, among others, the '007 Patent.

29.     Figure 4 below shows a copy of the Defendant City National's banking and e-commerce website listing the '007 Patent.

> CNB is licensed by DTC under U.S. Patent Nos. 5,910,988, 6,032,137, 5,265,007, 5,717,868, 5,583,759 and 5,930,778.

Figure 4 – Picture Displaying the '007 Patent

## C. SUNTRUST BANKING AND E-COMMERCE WEBSITE

30.    Defendant SunTrust operates and controls the SunTrust banking and e-commerce website (www.suntrust.com).   In this Complaint, Defendant SunTrust's "products" means and includes, collectively, the SunTrust banking and e-commerce website and all parts thereof, any and all information or services offered or rendered through the SunTrust banking and e-commerce website, any and all products offered for sale or advertised through the SunTrust banking and e-commerce website and/or any and all other uses and features of the SunTrust banking and e-commerce website.

31.    Figure 5 depicted below shows an image of the Defendant SunTrust's banking and e-commerce website:



32.    For a period of time, the Defendant SunTrust's banking and e-commerce website has listed, among others, the '007 Patent.

33.    Figure 6 below shows a copy of the Defendant SunTrust's banking and e-

commerce website listing the '007 Patent.

> *SunTrust is licensed by DTC under U.S. Patent Nos. 5,910,988, 6,032,137, 5,265,007, 5,717,868, 5,583,759, 5,930,778, 5,774,663, 5,787,403, 5,899,982, 6,594,647, 6,341,272, 5,974,146, 6,182,052, 7,512,564, 7,519,558, and 7,559,859.*

Figure 6 – Picture Displaying the '007 Patent.

## D. PNC FINANCIAL BANKING AND E-COMMERCE WEBSITE

34.     Defendant PNC Financial operates and controls the PNC Financial banking and e-commerce website (www.pnc.com).   In this Complaint, Defendant PNC Financial's "products" means and includes, collectively, the PNC Financial banking and e-commerce website and all parts thereof, any and all information or services offered or rendered through the PNC Financial banking and e-commerce website, any and all products offered for sale or advertised through the PNC Financial banking and e-commerce website and/or any and all other uses and features of the PNC Financial banking and e-commerce website.

35.     Figure 7 depicted below shows an image of the Defendant PNC Financial's banking and e-commerce website:



36.     For a period of time, the Defendant PNC Financial's banking and e-commerce website has listed, among others, the '007 Patent.

37.     Figure 8 below shows a copy of the Defendant PNC Financial's banking and e-commerce website listing the '007 Patent.

> PNC is licensed under U.S. Patent Nos. 5,910,988, 6,032,137, 5,265,007, 5,717,868, 5,583,759 and 5,930,778.

Figure 8 – Picture Displaying the '007 Patent.

### E. PNC CAPITAL ADVISORS BANKING AND E-COMMERCE WEBSITE

38.     Defendant PNC Capital Advisors operates and controls the PNC Capital Advisors banking and e-commerce website (www.pnccapitaladvisors.com).  In this Complaint, Defendant PNC Capital Advisors' "products" means and includes, collectively, the PNC Capital Advisors banking and e-commerce website and all parts thereof, any and all information or services offered or rendered through the PNC Capital Advisors banking and e-commerce website, any and all products offered for sale or advertised through the PNC Capital Advisors banking and e-commerce website and/or any and all other uses and features of the PNC Capital Advisors banking and e-commerce website.

39.     Figure 9 depicted below shows an image of the Defendant PNC Capital Advisors' banking and e-commerce website:



40.     For a period of time, the Defendant PNC Capital Advisors' banking and e-commerce website has listed, among others, U.S. Patent No. 5,265,007 ("the '007 Patent").

41.     Figure 10 below shows a copy of the Defendant PNC Capital Advisors' banking and e-commerce website listing the '007 Patent.



Figure 10 – Picture Displaying the '007 Patent

**F. UNION BANK BANKING AND E-COMMERCE WEBSITE**

42.     Defendant Union Bank operates and controls the Union Bank banking and e-commerce website (www.unionbank.com).   In this Complaint, Defendant Union Bank's "products" means and includes, collectively, the Union Bank banking and e-commerce website and all parts thereof, any and all information or services offered or rendered through the Union Bank banking and e-commerce website, any and all products offered for sale or advertised through the Union Bank banking and e-commerce website and/or any and all other uses and features of the Union Bank banking and e-commerce website.

43.     Figure 11 depicted below shows an image of the Defendant Union Bank's banking and e-commerce website:



44.    For a period of time, the Defendant Union Bank's banking and e-commerce website has listed, among others, the '007 Patent.

45.    Figure 12 below shows a copy of the Defendant Union Bank's banking and e-commerce website listing the '007 Patent.

**Patent Notice**

UnionBanCal Corporation, the parent of Union Bank, is licensed under the following, and related Ronald A. Katz Technology Licensing, L.P. UnionBanCal Corporation and Union Bank, N.A. are licensed by DTC under U.S. Patent Nos. 5,910,988; 6,032,137; 5,265,007; and 5,717,868.

Figure 12 – Picture Displaying the '007 Patent.

**F. ZIONS BANKING AND E-COMMERCE WEBSITE**

46.    Defendant Zions operates and controls the Zions banking and e-commerce website (www.zionsbank.com).  In this Complaint, Defendant Zions' "products" means and includes, collectively, the Zions banking and e-commerce website and all parts thereof, any and all information or services offered or rendered through the Zions banking and e-commerce

website, any and all products offered for sale or advertised through the Zions banking and e-commerce website and/or any and all other uses and features of the Zions banking and e-commerce website.

47.     Figure 13 depicted below shows an image of the Defendant Zions' banking and e-commerce website:



48.     For a period of time, the Defendant Zions' banking and e-commerce website has listed, among others, the '007 Patent.

49.     Figure 14 below shows a copy of the Defendant Zions' banking and e-commerce website listing the '007 Patent.

LEGAL INFORMATION

Zions and its Subsidiaries are licensed by DTC under U.S. Patent Nos.
5,910,988, 6,032,137, 5,265,007, 5,717,868, 5,583,759, 5,930,778,
5,774,663, 5,787,403, 5,899,982, 6,594,647, 6,341,272, 5,974,146, and
6,182,052.

Figure 14 – Picture Displaying the '007 Patent.

## CAUSES OF ACTION FOR FALSE PATENT MARKING

50.     Main Hastings incorporates by reference the foregoing paragraphs as if fully set forth herein.

51.     Defendants are sophisticated companies with experience applying for, obtaining, and/or litigating patents, and therefore know that patents do not have unlimited scope, but rather, have a scope limited to that which is claimed, and that all patents expire and that all monopoly rights in a patent terminate irrevocably when it expires.

52.     Defendants have or regularly retain, sophisticated legal counsel.

53.     Each false marking on the products identified in this Complaint is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products.

54.     Defendants' false marking of their products has wrongfully quelled competition with respect to such products thereby causing harm to Main Hastings, the United States, and the public.

55.     Defendants have wrongfully and illegally advertised patent monopolies that they do not possess and, as a result, have benefited by maintaining a substantial market share with respect to the products referenced in this Complaint.

56.     Defendants know that patents provide the patent holder extreme market power to monopolize the invention.

57.     Defendants know that all patents expire and that all monopoly rights in a patent terminate irrevocably when it expires.

58.     As set forth in detail herein, and/or for other reasons that will be later evidenced, Defendants have falsely marked the products described below, with the intent to deceive the public, in violation of 35 U.S.C. §292.  Despite the easily modifiable digital

format of Defendants' banking and e-commerce websites and/or one or more revisions to such websites since the expiration of the subject patent, Defendants have nevertheless knowingly and repeatedly used and continue to use the expired patent in marking, offering for sale and/or advertising their products, with intent to deceive the public.

## COUNT 1: FALSE MARKING ON DEFENDANTS' PRODUCTS

## COUNT 1: THE '007 PATENT

59.     The Plaintiff incorporates and restates the allegations of Paragraphs 1-58.

60.     As noted above in paragraph 26, the '007 Patent is expired.  Because the '007 Patent is expired, any product once covered by the '007 Patent is no longer protected by the patent laws of the United States. When the '007 Patent expired, its formerly protected property entered the public domain.

61.     Despite the fact the '007 Patent is no longer in force, Defendants have and continues to mark (or cause to be marked) various products, including their HSBC, City National Bank, SunTrust, PNC Financial, PNC Capital Advisors, Union Bank and Zions banking and e-commerce websites, with the '007 Patent.

62.     Despite their knowledge of patent law and the current status of the '007 Patent, Defendants have and continue to falsely mark (or cause to be marked) their products as being covered by the '007 Patent.  Defendants knew or reasonably should have known that marking their products with the '007 Patent after its expiration violated Federal patent marking laws which authorize marking only existing and enforceable patent or patent pending claims on a "patented" article.

63.     Defendants intended to and have deceived the public by falsely marking (or causing to be marked) the patent protection status of their products.

64.     Defendants have violated 35 U.S.C. §292(a) by marking (or causing to be

marked), with intent to deceive the public, pages of their HSBC, City National Bank, SunTrust, PNC Financial, PNC Capital Advisors, Union Bank and Zions banking and e-commerce websites with the '007 Patent.

## DAMAGES

65.    The Plaintiff incorporates and restates the allegations of Paragraphs 1-64.

66.    Upon information and belief, Defendants know, or reasonably should know, that marking their products with false patent statements was and is illegal under Title 35 of the United States Code.

67.    Each falsely marked product is a separate "offense" pursuant to 35 U.S.C. §292(a).

## PRAYER FOR RELIEF

68.    WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant as follows:

69.    A decree that Defendants have falsely marked products in violation of 35 U.S.C. § 292;

70.    An award of monetary damages, pursuant to 35 U.S.C. § 292, in the form of a civil monetary fine of $500 per false marking "offense," or an alternative amount as determined by the Court, one half of which should be paid to the United States of America and one-half of which shall be paid to Main Hastings;

71.    An accounting for any falsely marked products not presented at trial and an award by the Court of additional damages for any such falsely marked products;

72.    Enter a judgment and order requiring each Defendant to pay Main Hastings prejudgment and post-judgment interest on the damages awarded;

73.    Order Defendants to pay Main Hastings' costs and attorney fees; and

74.     Grant Main Hastings such other and further relief as it may deem just and equitable.

## DEMAND FOR JURY TRIAL

75.     Pursuant to Federal Rules of Civil Procedure Rule 38, Plaintiff hereby demands a jury trial on all issues triable by jury.

Dated: January 20, 2011                          Respectfully submitted,

                                                 */s/ Winston O. Huff*

                                                 Winston O. Huff, Attorney in Charge
                                                 State Bar No. 24068745
                                                 Huff Legal Group, P.C.
                                                 2500 Dallas Parkway, Suite 260
                                                 Plano, TX 75093
                                                 972.826.4467 (Direct)
                                                 972.378.9111 (Firm)
                                                 214.593.1972 (Fax)
                                                 wohuff@hufflegalgroup.com

                                                 ATTORNEYS FOR PLAINTIFF
                                                 MAIN HASTINGS, LLC

## **CERTIFICATE OF FILING**

I hereby certify that on January 20, 2011, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.

Respectfully submitted,

By: _____ */s/ Winston O. Huff* _____

Winston O. Huff
Huff Legal Group, P.C.
2500 Dallas Parkway, Suite 260
Plano, TX 75093
972.826.4467 (Direct)
972.378.9111 (Firm)
214.593.1972 (Fax)
wohuff@hufflegalgroup.com

## CERTIFICATE OF SERVICE

This is to certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 15th day of January, 2011.

_____/s/ *Winston O. Huff*_____