**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| MAIN HASTINGS LLC, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 2:11-cv-00025 TJW |
| § | |
| HSBC USA, INC., HSBC BANK USA, § | |
| N.A., CITY NATIONAL CORPORAITON, § | |
| CITY NATIONAL BANK, SUNTRUST § | |
| BANKS, INC., SUNTRUST BANK, THE § | |
| PNC FINANCIAL SERVICES GROUP, § | |
| INC., PNC BANK, N.A., PNC CAPITAL § | |
| ADVISORS, LLC, UNIONBANCAL § | |
| CORPORATION, UNION BANK, N.A., § | |
| ZIONS BANCORPORATION, AND ZIONS § | |
| FIRST NATIONAL BANK, § | |
| § | |
| Defendants. § | |

**DEFENDANT ZIONS BANCORPORATION'S AND DEFENDANT
ZIONS FIRST NATIONAL BANK'S MOTION TO DISMISS
<u>PURSUANT TO FED. R. CIV. P. 12(B)(6) AND SUPPORTING MEMORANDUM</u>**

Relator Main Hastings LLC ("Main Hastings") brings this qui tam action against Defendants Zions Bancorporation and Zions First National Bank (together "Zions") alleging violations of the federal false marking statute. *See* 35 U.S.C. § 292 ("Section 292"). Main Hastings claims that Zions violated Section 292 by listing an expired patent number in a "Legal Information" section of their website, unaffiliated with any particular Zions product or products.

Even assuming that every word in Main Hastings' Complaint (ECF No. 1) was true, its claims fail as a matter of law for at least two reasons. First, the inclusion of an expired patent number as part of a website legal notice is not advertising and, therefore, cannot form the basis for a claim under Section 292. Second, even if Main Hastings could state a claim for false

marking, and it cannot, the sparse and conclusory allegations in the Complaint do not pass muster. Federal Rule of Civil Procedure 9(b) ("Rule 9(b)") requires pleading allegations of fraud with particularity. The Federal Circuit recently held that "a complaint alleging false marking is insufficient when it only asserts conclusory allegations that a defendant is a 'sophisticated company' and 'knew or should have known' that the patent expired." *In re BP Lubricants USA, Inc.*, --- F.3d ---, 2011 WL 873147, at *1 (Fed. Cir. Mar. 15, 2011). Because the allegations in the Complaint in this case are indistinguishable from those in *BP Lubricants*, the Complaint should be dismissed for failing to satisfy Rule 9(b).

I.   ARGUMENT

   A.   Legal Standard

      1.   Elements Of A False Marking Claim

The False Marking Statute prohibits anyone from "mark[ing] upon, or affix[ing] to, or us[ing] in advertising in connection with any unpatented article, the word 'patent' or any word or number importing that the same is patented for the purpose of deceiving the public." 35 U.S.C. § 292. To state a claim for false patent marking under Section 292, the relator must show: (1) that the patentee made a false statement, either by marking an unpatented article with a patent number or by using the patent number to advertise an unpatented product; and (2) that the patentee intended to deceive the public. *Forest Grp., Inc. v. Bon Tool Co.*, 590 F.3d 1295, 1300 (Fed. Cir. 2009); see also 35 U.S.C. § 292(a). Inaccurate patent markings or statements, in and of themselves, are not sufficient to support a false marking claim; rather, a purpose of deceit is required. 35 U.S.C. § 292(a). The Federal Circuit explained that it is not enough to show "simply knowledge that a statement is false." *Pequignot v. Solo Cup Co.*, 608 F.3d 1356, 1363 (Fed. Cir. 2010); *see also* 35 U.S.C. § 292(a) (defining requisite intent as "for the purpose of

deceiving the public"). Instead, to state a claim for false marking, the relator must show that the patentee consciously desired to bring about the result that the public would be deceived. *Solo Cup*, 608 F.3d at 1363 (noting that Supreme Court has explained that a person who causes a particular result is said to act purposefully if he consciously desires that result). To be considered a "marking" under Section 292, the patent number must be physically marked upon the unpatented product or affixed to its packaging. *See Oakley, Inc. v. Bugaboos Eyewear Corp.*, No. 09-cv-02037-JLS-JMA, 2010 WL 5173678, at *6 (S.D. Cal. Dec. 15, 2010) (finding as a matter of law that warranty cards placed inside the packaging did not constitute marking upon, affixing to, or using in advertising under Section 292).

The other conduct prohibited by Section 292—use in advertising—requires that the false patent statement occur in a medium or through a channel designed to promote the unpatented product to consumers:

> The term "advertising" implies an act soliciting the general public regarding the product. Because "advertising" is not defined in the statute, the plain meaning of the term provides guidance as to its definition. "'Advertising' is defined as the 'action of calling something … to the attention of the public esp[ecially] by means of printed or broadcast paid announcements.'"

*Inventorprise, Inc. v. Target Corp.*, No. 09-cv-00380, 2009 WL 3644076, at *4 (N.D.N.Y. Nov. 2, 2009) (citations omitted). As a number of courts have explained, "[T]he expression 'uses in advertising' cannot refer to any and all documents by which the word 'patent' is brought to the attention of the public; it can only refer to use of the word 'patent' in publications which are designed to promote the allegedly unpatented product, namely, advertisements." *See, e.g.*, *Chamilia, LLC v. Pandora Jewelry, LLC*, No. 04-cv-06017-KMK, 2007 WL 2781246, at *10 (S.D.N.Y. Sept. 24, 2007) (citation omitted).

Further, in order to be actionable under Section 292, "there must be a nexus between the

3

defendant's marking, affixing or using of a patent and the advertising of the product." *Juniper Networks v. Shipley*, No. C 09-0696 SBA, 2009 WL 1381873, at *3 (N.D. Cal. May 14, 2009) (emphasis in original)[1]; *see also Inventorprise*, 2009 WL 3466076 at *5 (holding that markings on the back of a package on a retail store shelf are not advertising because they are not intended to call the public's attention to the unpatented product nor is there a nexus between the marking and an act of solicitation of the general public to purchase the product). Furtherd, statements that are not readily visible to the public cannot constitute "advertising" under Section 292. *Symbol Techs., Inc. v. Proxim Inc.*, No. Civ.A.01-801-SLR, 2002 WL 1459476, at *1 (D. Del. June 25, 2002) ("The court finds, as a matter of law, that the essential element of public deception cannot be demonstrated when the alleged mismarking is not apparent to the general public."); *Inventorprise*, 2009 WL 3644076, at *5 (finding statements that were not visible to the public did not constitute advertising).

Furthermore, no claim can lie under § 292 for inclusion of an expired patent number on a website's legal notice section. *Hollander v. Timex Group USA, Inc.*, 2011 WL 1399806 at *5-6 (E.D. Pa. April 13, 2011) (defendant's placement of an expired patent on its website's manuals and Terms of Use sections could not be considered advertising for purposes of § 292). The Hollander court stated: "The statute [§ 292] is not intended to create a treasure hunt for relators scouring department store shelves or corporate websites for obscure references to expired patents; it prohibits readily visible marks—on products themselves, affixed to products, or used in advertising in connection with products—falsely indicating that an unpatented article enjoys

---

[1] This case is currently pending before the Federal Circuit, Appeal No. 2010-1327.  The case is fully briefed and  oral argument was heard on February 10, 2011.  A recording of the oral argument can be accessed at http://www.cafc.uscourts.gov/oral-argument-recordings/2010-1327/all.

patented protection." *Hollander*, 2011 WL at *6.  It would appear that this frowned upon "scouring" of corporate websites is exactly the type of conduct undertaken by relator in this case. The location of the patent number and associated language on the Zions' website clearly show that Zions was by no stretch of the imagination using the number in any form of advertising: "Legal Information[:]  Zions and its Subsidiaries are licensed by the DTC under U.S. Patent Nos. 5,910,988, 6,032,137, 5,265,007, 5,717,868, 5,583,759, 5.930,778, 5,774,663, 5,787,403, 5,899,982, 6,594,647, 6,341,272, 5,974,146, and 6,182,052."  (ECF No. 1 at ¶ 49.)  Of these patent numbers, only No. 5,265,007 is at issue in this action.  Thus, not only was there no actionable advertisement of a Zions' product, there was never even any Zions' product to advertise in the first place:  This is merely a factual recitation that Zions is a licensee of DTC under various U.S. Patents.  Zions' website clearly contains nothing to support at § 292 action.

    **2.**    **Pleading Requirements**

On March 15, 2011, The Federal Circuit issued its ruling regarding BP Lubricants' petition for writ of mandamus.  *BP Lubricants*, 2011 WL 873147.  In that decision, the Federal Circuit held that Rule 9(b) applied to pleadings alleging violations of Section 292, and that the conclusory allegations in the complaint brought by relator Simonian in that case did not meet those requirements:

> This court holds that Rule 9(b)'s particularity requirement applies to false marking claims and that a complaint alleging false marking is insufficient when it only asserts conclusory allegations that a defendant is a "sophisticated company" and "knew or should have known" that the patent expired.

2011 WL 873147, at *1; *see also id*. at *2 ("Like the False Claims Act, § 292 condemns fraudulent or false marking.  Rule 9(b)'s gatekeeping function is also necessary to assure that only viable § 292 claims reach discovery and adjudication.  Permitting a false marking complaint to proceed without meeting the particularity requirement of Rule 9(b) would sanction discovery

and adjudication for claims that do little more than speculate that the defendant engaged in more than negligent action.").

Applying the Rule 9(b) standard to the false marking claims brought in the *BP Lubricants* case, the Federal Circuit looked to its prior decision in *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312 (Fed. Cir. 2009). In *Exergen*, the Federal Circuit held that when pleading the substantive elements of a claim sounding in fraud or mistake, a plaintiff must set forth the factual bases for the allegations with particularity, and while knowledge and intent may be averred generally and pled on information and belief, the plaintiff must nonetheless "allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind." *Id*. at 1327 (citations omitted). Applying these principles to false marking claims, *BP Lubricants* confirms that "*Exergen's* pleading requirements apply to all claims under Rule 9(b), not just inequitable conduct cases." 2011 WL 873147, at *3. Under that standard, "a complaint must in the § 292 context provide some objective indication to reasonably infer that the defendant was aware that the patent expired." *Id*.

Without more, conclusory allegations that a company is "sophisticated" and has "experience applying for, obtaining, and litigating patents" are insufficient to state a claim for false marking under Section 292: "That bare assertion provides no more of a basis to reasonably distinguish a viable complaint than merely asserting the defendant should have known the patent expired. Conclusory allegations such as this are not entitled to an assumption of truth at any stage in litigation." *Id.* at *4.[2]

---

[2] *See also Brinkmeier v. BIC Corp.*, 733 F.Supp.2d 552, 564 (D. Del. 2010) ("[A]llegations that BIC is sophisticated and employs experienced counsel do not suggest intent to deceive . . . . Here, it appears just as likely on the facts pled that BIC made a marking error."); *Inventorprise*, 2009 WL 3644076, at *6 ("It is mere supposition to conclude that, because Target is a sophisticated corporation, it knew that the Product was not patented and that the patent number

Applying the Federal Circuit's decision in *BP Lubricants*, this Court has dismissed many false marking complaints for failing to satisfy the pleading requirements of Rule 9(b), including at least two filed by Main Hastings, the relator in this case. *See, e.g.*, *Promote Innovation LLC v. Pfizer Inc.*, No. 2:10-cv-00242-TJW, slip op. (Apr. 4, 2011); *Texas Data Co., L.L.C. v. Bayer HealthCare LLC*, No. 2:10-cv-00292-TJW-CE, slip op. (Apr. 4, 2011); *Texas Data Co., L.L.C. v. Kimberly-Clark Corp.*, No. 2:10-cv-00340-TJW, slip op. (Apr. 4, 2011); *United States ex rel. Patent Grp., LLC v. New Archery Prods. Corp.*, No. 2:10-cv-00377-TJW, slip op. (Apr. 4, 2011); *Promote Innovation LLC v. Kaz, Inc.*, No. 2:10-cv-00395-TJW, slip op. (Apr. 4, 2011); *United States ex rel. Texas Data Co., L.L.C. v. Procter & Gamble Co.*, No. 2:10-cv-00417-TJW, slip op. (Apr. 4, 2011); *Main Hastings, LLC v. Kimberly-Clark Worldwide, Inc.*, No. 2:10-cv-00429-TJW, slip op. (Apr. 4, 2011); *Main Hastings, LLC v. Costco Wholesale Corp.*, No. 2:10-cv-00447-TJW, slip op. (Apr. 4, 2011); *Flash LNL, LLC v. Doan Mach. & Equip. Co.*, No. 2:10-cv-00475-TJW, slip op. (Apr. 4, 2011); *United States ex rel. Kilts Res., LLC v. Airgas, Inc.*, No. 2:10-cv-00505-TJW, slip op. (Apr. 4, 2011); *Texas Data Co., L.L.C. v. Target Brands, Inc.*, No. 2:10-cv-00269-TJW, slip op. (Apr. 6, 2011) (collectively attached hereto as Exhibit 1).

**B.     Main Hastings Fails To State A Claim Upon Which Relief Can Be Granted**

Main Hastings fails to state an actionable claim for false patent marking, and its

---

printed on back of the package belonged to another item. It is even more speculative to conclude that, because Target supposedly had this knowledge, it offered the Product for sale in the packaging provided by Cedar Fresh with the specific intent to deceive the public.") (footnote omitted); *Advanced Cartridge Techs., LLC v. Lexmark Int'l, Inc.*, No. 8:10-cv-486-T-23TGW, 2010 WL 2640137, at *1 (M.D. Fla. June 30, 2010) (finding that complaint relying on the allegation that defendant knew or should have known that the patents did not cover the products at issue "utterly fails to 'state with particularity the circumstances constituting fraud.'") (citation omitted); *Simonian v. Edgecraft Corp.*, No. 10 C 1263, 2010 WL 3781262, at *3 (N.D. Ill. Sept. 20, 2010) ("It is not reasonable to infer this intent [to deceive the public] from the bare allegation that defendant is a 'sophisticated company,' and the remaining allegations amount to mere 'labels and conclusions' that are insufficient under Twombly.").

Complaint should be dismissed with prejudice.

Even if Zions' website statements were somehow inaccurate, it is irrelevant under Section 292 because legal notices, such as the statement quoted in the Complaint, are not advertising. In fact, a legal notice lurking in the background of a website is the antithesis of advertising. The location and context of the patent number at issue does not broadcast attention to a product offering. Indeed, as indicated previously, there is no product to advertise, much less actual advertisement for the same. The statement is not intended to, and does not, solicit the general public about any product. It is not designed to call attention to a product by means of a public broadcast. It is not designed to promote any product. Section 292 liability is limited to those public statements that are intentionally designed to call attention to an unpatented product, that are intentionally designed to imply that the product is patented, that are readily visible to the public, and that are made with intent to deceive the public. *See Inventorprise*, 2009 WL 3644076, at *4; *Chamilia*, 2007 WL 2781246, at *10; *Symbol Techs.*, 2002 WL 1459476, at *1.

Further, there is no nexus between the statements in the accused legal notice and an allegedly unpatented product. Without such a nexus, there can be no "use in advertising" under Section 292. *See Inventorprise*, 2009 WL 3644076, at *4; Juniper Networks, 2009 WL 1381873, at *3. As such, these statements on the Zions website is not advertising, and cannot, give rise to liability under Section 292.

For all these reasons, Main Hastings' Complaint fails to state an actionable claim for false marking and should, therefore, be dismissed with prejudice.

### C. Main Hastings Fails To Satisfy The Pleading Requirements Of Rule 9(b).

The allegations in Main Hastings' Complaint are indistinguishable from those that the Federal Circuit found insufficient in *BP Lubricants*. In that case, the relator offered only generalized allegations to support his claim of false patent marking:

> According to the relator's complaint, the patent expired on February 12, 2005, and BP continued to mark its bottles with the patent numbers after the patent expired. The complaint also asserts mostly "upon information and belief," that: (1) BP knew or should have known that the patent expired; (2) BP is a sophisticated company and has experience applying for, obtaining, and litigating patents; and (3) BP marked the CASTROL products with the patent numbers for the purpose of deceiving the public and its competitors into believing that something contained or embodied in the products is covered or protected by the expired patent.

2011 WL 873147, at *1.

In this case, Main Hastings has pled allegations that are just as flawed and insufficient as those pled in *BP Lubricants*. Specifically, Main Hastings alleges that:

- Defendants are sophisticated companies with years of experience applying for, obtaining, and/or litigating patents, and therefore know that patents do not have unlimited scope, but rather, have a scope limited to that which is claimed, and that all patents expire and that all monopoly rights in the patent terminate irrevocably when it expires. Complaint ¶ 51.

- Defendants have or regularly retain, sophisticated legal counsel. *Id*. at ¶ 52.

- Defendants know that all patents expire and that all monopoly rights in a patent terminate irrevocably when it expires. *Id*. at ¶ 57.

- As set forth in detail herein, and/or for other reasons that will be later evidenced, defendants have falsely marked the products described below, with the intent to deceive the public, in violation of 35 U.S.C. § 292. Despite the easily modifiable digital format of the Defendants' banking and e-commerce websites and/or one or more revisions to such websites since the expiration of the subject patent, Defendants have nevertheless knowingly and repeatedly used and continue to use the expired patent in marking, offering for sale and/or advertising their products, with intent to deceive the public. *Id*. at 58.

The Federal Circuit explained that "a complaint must in the § 292 context provide some

objective indication to reasonably infer that the defendant was aware that the patent expired." *BP Lubricants*, 2011 WL 873147, at *3. Just as was the case in *BP Lubricants*, Main Hastings asserts only generalized allegations, rather than specific underlying facts from which the Court could reasonably infer that Zions knew the patents had expired and/or that it had the requisite intent to deceive. For all the same reasons that the Federal Circuit dismissed the complaint in *BP Lubricants*, Main Hastings' Complaint should be dismissed as well.

## CONCLUSION

Relator has failed to allege any facts to support its claim that Zions committed any of the proscribed acts of "mark[ing] upon, affix[ing] to, or us[ing] in advertising" within the meaning Section 292. Even putting aside that fatal flaw, the Court should dismiss Relator's Complaint with prejudice because Relator failed to meet its burden of pleading facts that would tend to show that Zions intended to deceive the public when it included the patent number at issue on its website Legal Notice.

Dated: May 10th, 2011                                          Respectfully submitted,


                                                               */s/ David M. McGrath*
                                                               David M. McGrath
                                                               Zions First National Bank
                                                               Zions Bancorporation
                                                               One South Main Street
                                                               Suite 1100
                                                               Salt Lake City, UT  84133
                                                               Telephone: (801) 844-7693
                                                               Facsimile: (801) 844-5945

                                                               ATTORNEYS FOR DEFENDANTS
                                                               ZIONS BANCORPORATION and
                                                               ZIONS FIRST NATIONAL BANK

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 10th day of May 2011, all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing instrument via the Court's CM/ECF filing system.


/s/ David M. McGrath
David M. McGrath